## JASPER FIELDS V. STATE.

No. 24261. February 9, 1949.
Appeal Reinstated March 16, 1949.
Application for Leave to File Second Motion for Rehearing
Denied April 13, 1949.

*C. P. Webb,* Post, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

HAWKINS, Presiding Judge.

Conviction is for the transportation of intoxicating liquor in dry area, punishment assessed being a fine of $500.00 and 30 days in the county jail.

The record contains no notice of appeal as is required by Art. 827 C. C. P.

The appeal is dismissed.

### ON APPELLANT'S MOTION TO REINSTATE APPEAL.

BEAUCHAMP, Judge.

Appellant has filed herein supplemental transcript correcting the record, which failed to contain a notice of appeal entered of record. Accordingly, his motion to reinstate the appeal is granted.

We are asked to reverse the case on the ground that the complaint was not sworn to or certified by any person. The record does not sustain this contention.

The other ground presents the contention that there is a variance between the complaint and information. The complaint, signed and sworn to by J. T. Morgan on the 7th day of May, 1948, charges the unlawful transportation of "whisky and wine."

The information filed by the district attorney contains two counts, one charging transportation of an alcoholic beverage, "to-wit: Forty-Eight (48) Four-Fifths quarts of wine." The second count sets out that appellant did unlawfully transport "an alcoholic beverage * * * to-wit, Twenty-Four (24) pints of whiskey." Together the two counts in the information describe the same thing that is alleged in the complaint. In addition the exact amounts are specified and it is further stated that it was on "State Highway No. 180," in Borden County, whereas the complaint only states that it was in Borden County.

The pleading is awkward and subject to criticism, but we are unable to find a conflict. We do not think there is authority for sustaining appellant's contention in this respect.

The court's charge further confuses the issue but no complaint was lodged against it and, consequently, that matter is not before us for consideration.

The case is now considered on its merits and the judgment of the trial court is affirmed.

### ON APPLICATION FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

GRAVES, Judge.

Originally this cause was dismissed because no notice of appeal was present in the record. Upon motion, it was properly shown that such notice was promptly given, whereupon the appeal was reinstated and the cause affirmed.

The transcript contains the name of no attorney, and therefore a copy of the opinion herein was mailed direct to the appellant, who seems to have failed to call same to the attention of his attorney, such opinion being handed down on March 16, 1949. Upon the expiration of the fifteen days allowed for the filing of a motion for a rehearing, mandate herein was issued on April 1, 1949. On April 3, 1939, the clerk of this court received a motion for a rehearing which was beyond the time allowed for such filing and comes too late.

Such motion merely reiterates matters which had our careful attention in the final opinion herein and which failed to evidence any error, and we see no reason for allowing a further discussion thereof.

The request to file this motion will be refused.